**In re DAWSON et al.**

No. 18802.   Opinion Filed Dec. 24, 1928.

Rehearing Denied May 14, 1929.

114

Edward Hirsh, Leon S. Hirsh, A. P. Van Meter, and Lewis Morris, for appellants.

M. W. McKenzie, Bliss Kelly, and A. L. Hull, for respondents.

HEFNER, J. This action involves the validity of a zoning ordinance of Oklahoma City, and was brought under the provisions of House Bill No. 204, chapter 178, Session Laws of 1923, relating to the powers of municipal corporations to regulate and restrict the location and use of buildings. It originated in the board of adjustment of the city of Oklahoma City. created under authority of said act known as the "Zoning Law," and came before that board on appeal from the decision and determination of the building commissioner of Oklahoma City. The commissioner refused to issue a permit for the use of the buildings occupied by J. J. Dawson and A. L. McKay, the applicants herein, for the purpose of conducting funeral homes therein. On appeal before the board of adjustment, an order was entered directing a discontinuance of the use of said buildings for funeral purposes after October 1, 1926. From this judgment of the board of adjustment, the applicants appealed to the district court of Oklahoma county, and the case was there tried de novo before Judge Wyley Jones, and the application for the permit was again denied. The case was brought here for review.

The facts disclose that the funeral home is situated in a district set aside by the zoning ordinance, under the restrictions of the U-2 or apartment house zone, in which no building may be erected, constructed, or used except for a residence, apartment house, or hotel use, as defined in said ordinance. The ordinance became effective before the funeral home was established.

With the exception of one grocery store. the entire district in the vicinity of the funeral home has been exclusively restricted to the terms of the U-2 zone since the passage of the zoning ordinance, and such grocery business was permitted by order of the board of adjustment. Other business houses in the U-2 zone area had been established therein previous to the enactment of the zoning ordinance.

It is urged that the title of House Bill No. 204 of the Ninth Legislature of the state of Oklahoma does not contain notice of the nature and character of the things and matters covered by it, and is therefore invalid and void.

The title of the act in question is as follows:

"An Act relating to the powers of cities with respect to buildings. sites. areas. trades and industries. authorizing the creation of zoning districts and declaring an emergency."

The act includes but one general purpose, namely, the "zoning of municipalities." It seems to us the title is a comprehensive statement of the purposes of the act and includes all matters and things covered in the body of the act. It has been repeatedly held by this court that it is not necessary for the title of an act to embrace an abstract of

its contents, but the title is sufficient if it fairly indicates the general purposes of the act; the details providing for the accomplishment of such purposes being regarded as necessary incidents thereto.

It is also contended the act provides for the taking of property without due process of law contrary to the provisions of the Constitution of the United States and the Constitution of the state of Oklahoma.

The zoning law idea is not entirely new, because it has been carried on in a way for many years in the form of building codes, fireproof building zones, ordinances regulating slaughterhouses, garages, and filling stations. All of these regulations have been upheld by the courts as a valid exercise of police power. It is only in recent years, however, that ordinances have been enacted which attempt to zone cities on a comprehensive basis covering all the property within a city's limits and in accordance with comprehensive and detailed planning for the future development of the whole city, and taking into consideration the welfare of the city and its inhabitants as a whole. By this act, Oklahoma adopted what is known as the "Standard Zoning Enabling Act." In recent years most of the states in the United States have adopted, in substantial form, the same act. Many cases have now been adjudicated wherein the zoning law principle involved herein has been upheld. One of the leading cases is that of the Village of Euclid et al. v. Ambler Realty Co., 272 U. S. 365. That suit was brought by the owner of unimproved land within the corporate limits of the village, who sought the relief upon the ground, because of the building restrictions imposed, the ordinance operated to reduce the normal value of his property, and to deprive him of liberty and property without due process of law. At page 386, Mr. Justice Sutherland, speaking for the court, said:

"Building zone laws are of modern origin. They began in this country about 25 years ago. Until recent years, urban life was comparatively simple; but with the great increase and concentration of population, problems have developed, and constantly are developing, which require, and will continue to require, additional restrictions in respect of the use and occupation of private lands in urban communities. Regulations, the wisdom, necessity, and validity of which, as applied to existing conditions, are so apparent that they are now uniformly sustained, a century ago, or even half a century ago, would probably have been rejected as arbitrary and oppressive. Such regulations are sustained, under the complex conditions of our day, for reasons analogous to those which justify traffic regulations, which, before the advent of automobiles and rapid transit street railways, would have been condemned as fatally arbitrary and unreasonable. And in this there is no inconsistency, for while the meaning of constitutional guaranties never varies, the scope of their application must expand or contract to meet the new and different conditions which are constantly coming within the field of their operation. In a changing world, it is impossible that it should be otherwise. But, although a degree of elasticity is thus imparted, not to the meaning, but to the application of constitutional principles, statutes and ordinances, which, after giving due weight to the new conditions, are found clearly not to conform to the Constitution, of course, must fall."

Under this authority, ordinance No. 2634 of the city of Oklahoma City, known as the zoning ordinance, adopted pursuant to the authority granted by chapter 178, Session Laws 1923, is a valid exercise of police power and does not deprive property owner of his property without just compensation; neither does it deny him the equal protection of the law.

It is contended the establishment of the zone in said locality by the planning board and the commissioners of the city of Oklahoma City is invalid and void and in violation of the constitutional rights of the applicants because the same is discriminatory against the applicants. If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control. See Village of Euclid et al. v. Ambler Realty Co., supra. Great weight is, and should be, given to the judgment of the legislative body passing the zoning ordinance.

If the question is fairly debatable as to whether or not the ordinance is unreasonable, arbitrary, or an exercise of unequal power, it should be allowed to stand. In the case of Zahn v. Board of Public Works, 71 L. Ed. 704, the Supreme Court of the United States announced the rule as follows:

"The most that can be said is that whether that determination was an unreasonable, arbitrary, or unequal exercise of power is fairly debatable. In such circumstances, the settled rule of this court is that it will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question."

The boundary line of a zoning district must be fixed in some locality. In the very nature of things it must always be more or

less arbitrary, because the property on one side of a line cannot, in the very nature of things, be very different from the property on the other side of the line.

The applicants urge that all the funeral homes in Oklahoma City, with the exception of the two involved here, are in residential districts and the refusal of the board of adjustment to grant a permit is a discrimination against them. The evidence, however, shows that all the other funeral homes in the city, except those involved herein, are located in zones set aside by ordinance for "business" use.

Under the evidence in this case and under the rules announced in the adjudicated cases, we do not think the evidence discloses the fixing of the boundaries of the zone was either unreasonable or arbitrary.

It is contended a funeral home should be classified in the same category with churches, community houses, and hospitals, and since these are permitted within this particular zone, the funeral homes should also be permitted to operate therein. In other words, it is contended a funeral home is not a "business," as contemplated by the ordinance, but partakes of the nature of a profession. It is true that in some particulars it does partake of the nature of a profession, but we think it is properly classified as a "business."

It is also claimed that the act is void because it delegates legislative power to the board of adjustment. The part of the statute authorizing zoning, which provides for the board of adjustment, is included in section 7 thereof, and the powers of the board are enumerated as follows:

"(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this act or of any ordinance adopted pursuant thereto.

"(2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance.

"(3) To authorize, upon appeal, in specific cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardships, and so that the spirit of the ordinance shall be observed and substantial justice done.

"(4) In exercising the above-mentioned powers such board may, in conformity with the provisions of this act, reverse or affirm wholly or partly, or may modify the order, requirement, decision, or determination appealed from, and may make such order, requirement, decision, or determination as ought to be made, and to that end shall have all powers of the officer from whom the appeal is taken."

The zoning ordinance does not unlawfully delegate legislative power to an administrative board by permitting such board to allow departures from requirements of the ordinance, because such board is required to follow the fundamental purpose and intention of the ordinance in every instance.

This identical question was before the Supreme Court of Tennessee for consideration in the case of Spencer-Sturla Co. v. City of Memphis, 290 S. W. 608. The Tennessee case was a zoning case involving an undertaking establishment and really decides every question raised in the instant case. The title to the bill, constitutionality of the ordinance, arbitrary boundary lines of zones, arbitrary classification of undertaking establishments, discrimination and delegation of authority to the board of adjustment, were considered in that case. Relative to the delegation of authority to the board of adjustment, that court said:

"It is contended for the plaintiff in error that the provisions of subsection 8 constitute an unauthorized delegation of legislative power to the administrative board. Provisions of such an ordinance authorizing an administrative board to permit departures from the requirements of the ordinance have been held to constitute an unconstitutional delegation of legislative power, when no sufficient measure or guide for the action of the administrative board is fixed in the ordinance. In the present case the administrative board is required to follow the 'fundamental purpose and intent, of the ordinance in every instance. and the board is not given such discretion as will amount to a delegation of the legislative power of the city government. The same language appears in a similar ordinance under consideration by the Appellate Division of the Supreme Court of New York in People ex rel. Stevens v. Clark et al. 216 App. Div. 351, 215 N. Y. S. 190. In that case an exercise of discretion by the administrative board was reviewed by the writ of certiorari, at the instance of owners of property within the district. and. it appearing that the administrative board had abused its discretion. the interests of the property holders were protected by setting aside the order of the administrative board. This procedure would be authorized in Tennessee, and the administrative board is therefore not 'a law unto itself,' as claimed by the plaintiff in error."

Another interesting case devoted to the question of delegation of authority to the Board of Adjustment in a zoning ordinance is In re Junge's Appeal, 89 Pa. Superior Ct. 543. The ordinance under consideration in that case is very similar to the ordinance in the case at bar. After analyzing the meaning of the phrases "practical difficulties," "unnecessary hardships," "spirit of the ordinance be observed," "substantial justice done," the court said:

"The authority thus placed in the board is not an arbitrary one. The discretion vested in the board is subject to review if abused or not exercised in accordance with the provisions of the act. The statute does not give the board power to do whatever they feel inclined to, regardless of the provisions of the statute: People ex rel. Cotton v. Leo, 180 N. Y. S. 554. The strict letter of the law of the ordinance may be departed from only where there are practical difficulties or unnecessary hardships in the way of carrying it out; and in such manner that the spirit of the ordinance may be observed, the public health, safety and general welfare secured and substantial justice done. No other considerations should enter into the decision."

We think these cases have announced the correct rule. The acts of the board of adjustment are limited by the provisions of the ordinance. It has authority on appeal in specific cases to authorize such variance from the terms of the ordinance as will not be contrary to the public interest where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardships. If any party be aggrieved by the action of the board, an appeal to the district court is authorized, and from there to this court.

We do not think the act is susceptible to the objection that it delegates legislative powers. In fact, no legislative power is delegated. Paragraph 3 of section 7 authorizes the board in specific cases to make a variance from the terms of the ordinance in such manner as will not be contrary to public interest and not contrary to the spirit of the ordinance. The adjustment board, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardships, and in order that justice may be done, is authorized to make such variance from the ordinance.

The applicants further contend they are discriminated against because retail stores are permitted to operate within this particular zone. From the evidence it appears that these stores were all there before the zoning law became effective, except one grocery store, which was granted a permit after the ordinance was passed.

The Chief Justice of the New York Court of Appeals, in the case of Fordham Manor, v. Walsh, 244 N. Y. 280, 216 N. Y. Supp. 260, speaking for the court, said:

"There has been confided to the board a delicate jurisdiction and one easily abused. Upon the showing of unnecessary hardships general rules are suspended for the benefit of individual owners and special privileges established. * * *

"The power to change the map is reserved by the charter to the board of estimate and apportionment. The power of the board of appeals is confined to variations in special cases to meet some unusual emergency, some unnecessary hardship. * * *

"Not improbably the board has made a mistake in granting like favors to other owners in the past. Now, this did not mean that it was subject to a legal duty to enlarge the field of encroachment and thereby magnify the error. The question was not 'whether someone else' had 'been favored.' The question was 'whether the petitioner' had been 'illegally oppressed.' "

The conditions and circumstances surrounding the granting of the permit to the grocery store are not before us for our consideration. The board may have made a mistake in granting the permit to operate the grocery store in this zone. This did not mean, however, that it was subject to a legal duty to enlarge the field of encroachment and thereby magnify the error. In the language of the eminent New York jurist, "The question was not whether someone else had been favored. The question was whether the petitioner had been illegally oppressed."

Under the evidence in the case at bar, the board of adjustment doubtless found that no unnecessary hardships existed, and the maintenance of undertaking parlors in the restricted zone would not be in conformity with the spirit of the zoning ordinance and would be contrary to the public interest. Upon these findings, it was the duty of the board to refuse to grant the variance from the strict letter of the ordinance and deny the permit. There is a presumption in favor of the correctness of the determination arrived at by the board of adjustment, and the court should not interfere with the discretion vested in that board unless that discretion has been arbitrarily exercised or is erroneous in law.

The facts are sufficient to sustain the judg-

ment of the trial court, and its judgment is therefore affirmed.

BRANSON, C. J., and HARRISON, PHELPS, HUNT, and CLARK, JJ., concur.