## FRANK YUNKER v. STATE.

No. A-7847.  Jan. 30, 1932.
(7 Pac. [2d] 916.)

O. S. Shaw, and Rizley & Sweet, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (George H. Copeland, of counsel), for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Cimarron county of obstructing a highway, and was sentenced to pay a fine of $5.

The information charges a violation of section 10161, Comp. Stat. 1921, in obstructing a county highway between sections 11 and 12, township 5 north, range 7 E. C. M., by maintaining a fence across it.  It is agreed by counsel that the question raised is more important than the small amount assessed as a fine would indicate.  The constitutionality of the law is not questioned.  There is no substantial dispute as to the facts.  A county highway was designated and laid out by the county commissioners along the section line between the said sections, and defendant erected and maintained a fence with a gate opening across this highway.  He contends that under the provisions of section 3975, Comp. Stat. 1921, as amended by chapter 54, Session Laws 1927, construed in connection with sections 3977 and 3978, Comp. Stat. 1921, the act in maintaining this fence and gate is not unlawful. Section 3975, as amended with sections 3977 and 3978, classifies the counties, and in effect provides that in certain counties in districts where grazing is more important than agriculture under the conditions and provisions named, fences with gates as specified may be erected and maintained across the highways.

It is undisputed that defendant was the owner or lessee of more than two sections of land, unsuitable for

cultivation, and which was being used for grazing purposes, lying partly on each side of the highway in question. None of the provisos or exceptions in chapter 54, Session Laws 1927, apply. It is the contention of the state, and the court in substance so instructed the jury, that chapter 54 is not applicable in any case unless a grazing district shall have been designated by the county commissioners. No provision of law for the creation of a grazing district as provided for in said chapter has been called to our attention. Apparently the grazing districts mentioned in chapter 54 are not the herd law or stock districts defined by section 3929 and following sections of Comp. Stat. 1921, but districts formed by the owners of lessees of grazing lands. The validity of such grazing district, in case of dispute, to be determined by the county commissioners acting as a board of inspectors. A petition to open and grade the section line was made to the board of county commissioners; but there was no objection by fifteen or more landowners or lessees of the locality to the fencing of the section line, nor dispute as to the character of the land nor finding and order of the board of commissioners as a board of inspectors abolishing the grazing district. Cimarron county being one of the counties within the purview of this law, it was not unlawful for defendant to erect the fence in question and maintain gates.

The case is reversed and remanded.

DAVENPORT, P. J., and CHAPPELL, J., concur.