## TUCKER v. MULLENDORE.

No. 27096.    June 1, 1937.

(Syllabus.)

Hamilton & Howard, for plaintiff in error.

McCoy, Craig & Pearson, for defendant in error.

PHELPS, J. Stephen J. Tucker, Jr., plaintiff in error, as plaintiff, brought an action in the district court of Osage county against E. C. Mullendore, Jr., defendant in error, as defendant, to recover damages or compensation for the rental value of certain real estate alleged to have been used by the defendant for grazing purposes. The cause was tried to the court, and from an adverse judgment plaintiff appeals. The sole question to be determined is the proper construction of section 9040, O. S. 1931, which reads:

"In districts composed of two or more sections of land, two-thirds of which is unsuitable for cultivation and is being used for grazing purposes, it shall be lawful to erect and maintain fences across section lines; provided, the owner or lessee of such grazing districts permits public roads to be run anywhere across said district designated by the road overseer, township board, county commissioners, or other officials, legally authorized to designate public highways. If the owner or lessee of any such grazing district encloses therein the lands of another, which lands are not being used for agricultural purposes, neither said owner or lessee or the owner or lessee of such lands so enclosed, shall be liable in any sum for permitting their respective stock, which are being pastured on their said lands, to stray on any of the lands in said grazing district; provided, that no such owner or lessee who is grazing stock at large in said district, shall graze therein more stock than the water and grass of his own lands will support.

"Where fifteen or more land owners or lessees, residents of the locality affected, object to the fencing of certain section lines, or there is a dispute as to the character of

the land, it shall be the duty of the county commissioners to act as a board of inspectors to determine the character of the land, and their decision shall be final; and, provided further, should said section line so closed be at any time needed for a public highway to be used for a rural mail route, the owner or lessee shall immediately open such section line, and in case he neglects or refuses to do so, it shall be the duty of the township board and road overseer to open such section line; provided, that this act shall not apply to the following counties: (naming them)."

The original law is chapter 61, Session Laws 1913, and was carried over into C. O. S. 1921 as section 3975. This law was amended by the enactment of chapter 54, Session Laws 1927, and, in its amended form, is now section 9040, O. S. 1931. The 1927 amendment, which is the principal part of the law challenged by the plaintiff, is emphasized in the above quotation.

In his brief counsel for plaintiff succinctly states the essential questions involved in this appeal, as follows:

"If this provision of the statute (sec. 9040) is a valid exercise of legislative power, then the judgment of the trial court was right and must be affirmed, because the evidence shows without controversy that the pasture involved in this case was within the terms of the statute. It is our contention, and we shall brief the question that this act is unconstitutional in violation of section 7 of article 2 of the Constitution of Oklahoma, which provides that no person shall be deprived of life, liberty, or property without due process of law, and consequently, that it is a special act under section 59 of article 5 of the Constitution. Other constitutional provisions will be considered merely as emphasizing the unconstitutionality of the act, without burdening the court with further argument."

Prior to the 1927 amendment the act under consideration was solely a fencing law. As amended it is both a fencing and grazing statute. In effect the statute is an exception to the general herd law and its purpose is to offer mutual advantages to owners of land used exclusively for grazing purposes.

"The purpose of the free range provisions is to enable persons engaged in the stock business to get the benefit of the open range in the unsettled portions of the country, without rendering them liable for damages caused by their stock straying, drifting, or grazing upon the uninclosed lands of another. But there are no special privileges conferred beyond this; the owners of stock must not permit their stock to be purposely or willfully driven or herded upon the cultivated lands of others. If they do, this law affords them no protection. The land owner or occupant has at all times the right to guard and protect his possession; the law takes from him no right, except the right to recover damages where the animals trespass upon him without the connivance of those in charge." Addington v. Canfield, 11 Okla. 204, 66 P. 355.

Plaintiff does not contend that defendant pastured more stock within the grazing district than the water and grass of his own lands would support; or that the defendant willfully drove his stock upon plaintiff's lands. Plaintiff bases his right of recovery solely on depasturage caused by defendant's cattle straying upon the uninclosed grass lands of plaintiff.

Section 59, art. 5, of the Constitution, relied upon by plaintiff, reads:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted."

Does section 9040, supra, come within the inhibition provided for in the foregoing section of the Constitution?

"Subject to general constitutional limitations, especially those relating to local and special legislation, the Legislature may pass laws regulating livestock, making them applicable either to the entire state or exempting designated counties from the operation of such laws, or limiting their operation to a given county or subdivision of such county." 3 C. J. 173.

In Roberts v. Ledgerwood, 134 Okla. 152, 272 P. 448, this court, in the syllabus, said:

"In order for a law to be general in its nature and to have a uniform operation, it is not necessary that it shall operate upon every person and every locality in the state. A law may be general and have a local application or apply to a designated class if it operates equally upon all the subjects within the class for which it was adopted. But where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject matter calling for the legislation. As between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded and that furnishes a practical and real basis for discrimination." Citing Burks v. Walker, 25 Okla. 353, 109 P. 544.

Beyond doubt stock raising is an integral part of the industrial life of this state. It may rightly be regarded as a basic industry; increasingly essential to the general welfare.

From a very early day it has been a matter of common observation that in this state there is much land unfitted for any purpose but grazing stock. The Legislature doubtless had this in view when it passed the grazing law. Obviously the lands involved in this action were purchased or held by the owners purely for grazing purposes. Passing, incidentally, upon the same statute, the Criminal Court of Appeals of this state in Yunker v. State, 53 Okla. Cr. 82, 7 P. (2d) 916, held:

"It is not unlawful in county where grazing is more important than agriculture to fence grazing land, with gate crossing public road."

In Nebbia v. New York, 291 U. S. 502, 78 L. Ed. 940, the Supreme Court of the United States held:

"So far as the requirement of due process is concerned, and in the absence of other constitutional restriction, a state is free to adopt whatever economic policy may reasonably be deemed to promote public welfare, and to enforce that policy by legislation adapted to its purpose. The courts are without authority either to declare such policy, or, when it is declared by the Legislature, to override it. If the laws passed are seen to have a reasonable relation to a proper legislative purpose, and are neither arbitrary nor discriminatory, the requirements of due process are satisfied, and judicial determination to that effect renders a court functus officio."

Considering the subject matter with which the Legislature dealt in the enactment of section 9040, supra, the topography of the state, its varying climatic conditions, its rainfall, and the variations of the different portions of the state as to its adaptability for grazing or agricultural purposes, we are unable to say that the enactment of this statute was either arbitrary or discriminatory and not well within the authority of the Legislature. In re Dawson et al., 136 Okla. 113, 277 P. 226.

In this conclusion we are supported by the decision of the Circuit Court of Appeals for the Tenth Circuit. In U. S. v. Mullendore et al., 74 F. (2d) 286, that court sustained the constitutionality of the statute herein challenged. In that case the same subject matter (and indirectly the same parties) was involved as in the case at bar. The United States was a party to the case in the federal court solely because of the contention that section 9040, supra, contravened the superior authority of the Secretary of the Interior in the use of lands belonging to a member of the Osage Tribe of Indians. That question, and all questions raised in this appeal, was decided adversely to the plaintiff. By reason of its applicability to the case at bar, we quote quite extensively from that case:

"The next contention advanced relates to the constitutionality of the statute. It is asserted that since it expressly excludes forty named counties and consequently does not operate throughout the geographical confines of the state, it violates section 59, article 5, of the state Constitution. That section provides: 'Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted.'

"The requirement of generality and uniformity thus exacted does not necessarily mean that a statute must operate upon every person and in every locality within the state. A law may be general and uniform within the meaning of the constitutional provision, if it operates alike upon all within designated classes and places. The Legislature has power to classify persons or counties to be included within a statute. That classification must not be unreasonable, arbitrary, or capricious. On the contrary, it must be reasonable and substantial. Those included must bear some distinctive characteristics from those excluded. Burks v. Walker, 25 Okla. 353, 109 P. 544; Hatfield v. Garnett, 45 Okla. 438, 146 P. 24; Key v. Donnell, 107 Okla. 157, 231 P. 546; Roberts v. Ledgerwood, 134 Okla. 152, 272 P. 448; State v. Board of Commissioners, 77 Kan. 527, 94 P. 1004.

"Manifestly, a statute of the kind would operate effectively in those portions of the state where the grazing of livestock is the primary use to which land is devoted. The Legislature may well have determined in its wisdom that, due to varying conditions in different parts of the state, the statute would meet the needs in certain counties in which large ranches inclosing lands and water owned by different stockmen are common, and would be wholly infeasible in other counties. These reasons suggest convincingly that the classification does not affirmatively appear to be unreasonable, arbitrary, or capricious. The statute was considered in a quite recent case. Noting that it classifies the counties, does not apply throughout the state, and without discussing its constitutionality, it was given effect. Yunker v. State, 53 Okla. Cr. 82, 7 P. (2d) 916. It is presumed to be constitutional and there is nothing here which requires the overthrow of that presumption."

The remaining questions presented in this appeal are admittedly incidental to the main question involved. Their consideration herein would serve no useful purpose.

The judgment of the district court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, GIBSON, and HURST, JJ., concur.