## SMITH OIL CO. et al. v. LOGAN (BLACK et al., Interveners).

No. 27866.     Sept. 14, 1937.

Hayes, Richardson, Shartel, Gilliland & Jordan (F. A. Chilson, of counsel), for plaintiffs in error.

Charles Hill Johns, for defendant in error.

Charles Swindall, for interveners.

HURST, J. This is a companion case to Southwest Petroleum Company et al. v. Margaret Logan et al., and Southwest Petroleum

Company et al. v. Charles Swindall et al., both this day decided, 180 Okla. 477, 72 P. (2d) ___. This action involves the right to drill for oil and gas on block 20 of Lincoln Terrace addition in Oklahoma City, and the facts and issues in all three cases are substantially the same.

J. J. Culberston, Jr., owner of an undivided one-half interest in block 20, and his wife had executed an oil and gas lease to the Smith Oil Company, and it had applied for a permit to drill upon that block. This suit was commenced by Margaret Logan, owner of lot 20 in block 7 of the addition, seeking a permanent injunction against the company and Culbertson to prevent the drilling operations. J. Braden Black and Nelle Black, owners of lot 8, block 13, intervened as plaintiffs. At the trial Alma N. Nichols, owner of the other undivided one-half interest in block 20, was made a party defendant by agreement. Plaintiffs by agreement introduced all the evidence in chief that was introduced in Southwest Petroleum Co. v. Margaret Logan, supra, and additional evidence regarding the suitability and desirability of the addition for residence purposes to the same effect. The case was tried subsequent to the other two cases referred to, and the defendants introduced testimony, in addition to that introduced at the other Margaret Logan case, to the general effect that the detrimental effect of the surrounding oil fields had increased to such an extent that the addition is no longer an exclusive high class residential district, and the original purpose of the restrictions has been destroyed.

The trial court granted the injunction, and defendants bring this appeal upon two propositions.

1. The first proposition is that:

"The material and radical changes in the conditions immediately surrounding Lincoln Terrace addition have so greatly impaired, if not destroyed, the uses and purposes for which said addition was designed, platted, and developed that it would be unfair, inequitable, and unjust to enforce any longer the restrictions against drilling operations for oil and gas in said addition, including block 20."

This proposition is fully treated in the companion cases referred to, and we find nothing in the additional testimony herein presented sufficient to warrant a different view in this case.

2. Defendants' second proposition is that:

"The plat restrictions imposed upon said block 20 do not prohibit the drilling of a well for oil and/or gas thereon."

The restriction applicable to block 20 is as follows:

"All lots in this plat are restricted to residences only, except lots 10 to 17 inclusive block 17, on which apartments may be erected, and all of block 20, on which retail business buildings or apartment houses may be erected." (Emphasis ours.)

The defendants argue that the only restriction is stated in the clause before the word "except" and that the language thereafter, which refers to block 20, must be considered as removed and entirely separate from the first restrictive phrase, since it is, an exception and not a proviso. That the subsequent language referring to block 20, by itself, merely says: "On block 20, on which retail business buildings or apartments houses may be erected," and this is no restriction against any other use. That hence, under the rule of strict construction prescribed in Cooke v. Kinkead (1936) 179 Okla. 147, 64 P. (2d) 682, this clause does not prevent drilling wells for oil and gas. But this seems to us to strain the plain import of the language used. The clause is not ambiguous. The clear intention of the parties gathered from the clause in its entirety is that Lincoln Terrace addition must be used exclusively for residences and no other purpose, except that in block 20 these restrictions are relaxed to permit retail business buildings or apartment houses. Aside from these specified uses, all other uses are prevented in block 20 as well as the other blocks in the addition. Thus, under the principles announced in the companion cases, the restriction must be held to prevent drilling for oil and gas in block 20.

The judgment is affirmed.

OSBORN, C. J., and WELCH, CORN, GIBSON, and DAVISON, JJ., concur. BAYLESS. V. C. J., and RILEY and PHELPS, JJ., dissent.