## CASH v. BEVERIDGE, Bldg. Supt., et al.

No. 28064.  June 14, 1938.

Rehearing Denied Sept. 13, 1938.

Howard B. Hopps and A. D. Erdberg, for plaintiff in error.

A. L. Jeffrey, Robert L. Berry, Stanley B. Catlett, B. B. Kerr, Hayes, Richardson, Shartel, Gilliland & Jordan, Mac Q. Williamson, and Randell S. Cobb, for defendants in error.

GIBSON, J.  The plaintiff in error here, owner of lot 4 in block 21, Lincoln Terrace addition to Oklahoma City, complains of a judgment of the district court of Oklahoma county, rendered on appeal from the board of adjustment of the city of Oklahoma City, wherein the district court refused to attach block 21 of Lincoln Terrace addition to block 3, Amended Plat, Second State Capitol addition to Oklahoma City, Okla., in order to make a "drilling block" of the combined blocks for the purpose of drilling for oil and gas in accordance with the ordinances of Oklahoma City.

The cause originated before the superintendent of buildings of Oklahoma City, when Anderson-Kerr Drilling Company applied for a permit to drill on said block 3. When the application was denied, the applicant appealed to the board of adjustment, before which Cash first appeared. The board of adjustment granted the permit, but instead of attaching block 21 as a part of the drilling block, the board attached the west part of blocks 2, 5, and 8 of the Second State Capitol addition, as shown by the amended plat.  Block 3 contained less than the 2½ acres required by the ordinance.

In the district court the appeal from the decision of the board of adjustment was consolidated with an appeal from a decision of the same board which had denied an application of J. Frank Richardson et al. to drill a well on a block composed of said block 21, Lincoln Terrace addition, and lot 1 of block 3, Amended Plat of Second State Capitol addition.  The court found against Richardson et al., and in favor of Anderson-Kerr Drilling Company and, for a drilling block, attached to said block 3 the west half of blocks 2, 5, and 8, Amended Plat, Second State Capitol addition, and a strip of land 3½ feet wide adjoining block 3 on the north. No restrictions are on the blocks designated for this drilling block, whereas block 21 of Lincoln Terrace addition is subject to the building restrictions common to that addition.  See Southwest Petroleum Co. v. Logan, 180 Okla. 477, 71 P.2d 759; Smith Oil Co. v. Logan (Black et al., Interveners), 180 Okla. 474, 71 P.2d 766.

The court found that block 3 upon which the well was to be drilled was within the U-7 or oil zone of Oklahoma City, and that it was "adjacent, adjoining and contiguous" to blocks 2, 5, 8, and to the 3½ foot strip which the court attached for a drilling block. The court further found that said block 3 is "adjoining. adjacent and contiguous to block 21 of Lincoln Terrace addition, and that by reason of certain plat restrictions and pending lawsuits the said block 21 * * * should not be made a part of said 'drilling block'."  We base our affirmance, not upon the bar of plat restrictions, but by reason of the exercise of a discretion as to area to be attached.

The contention here is that the attached property is not adjoining, adjacent, and contiguous in reality and that the judgment was arbitrary and inequitable.  Since the matter started, a well has been drilled and the defendants in error have moved to dismiss the appeal on the ground that the case is now moot, as the decision was based upon the original application of the company for a permit to drill a well.  See Westgate Oil Co. v. Refineries' Production Co., 172 Okla. 200, 44 P.2d 993.  We pass that question, however, as well as the question whether the owner of one lot in a block may complain for the whole block.

There is no street between block 3 and block 21, and block 21 lies just north of block 3, separated only by the 3½ foot strip; whereas the parts of blocks 2, 5, and 8 as attached to block 3 make a broken side of an "L" shaped piece of land. Block 2 is separated from block 5 by Sixteenth street, and block 5 is separated from block 8 by Fifteenth street. Blocks 2, 5, and 8 are a part of the city's parkways.

The authority for making a "drilling block" is conferred by city ordinance which contains certain drilling restrictions as to city property, and provides for drilling permits to be issued. Some pertinent quotations therefrom follow:

"Before a permit shall be granted upon any platted block * * * which is adjoining, or contiguous to * * * any platted block of less than 2½ acres in area * * * the Board of Adjustment shall * * * attach said * * * platted block of less than 2½ acres, in whole or in part, to such contiguous or adjoining * * * tracts or platted block or blocks, for the purpose of permitting a well to be drilled in which said * * * platted block of less than 2½ acres may participate."

Elsewhere in the ordinance introduced it is provided:

"The terms 'adjoining,' 'adjacent,' or 'contiguous,' as used herein, shall be interpreted to mean that any tract or tracts of ground or any block or blocks located in the aforesaid nondrilling territory shall be taken into consideration and included in the area covered by any permit or permits issued or area within the drilling territory without regard to or respect for any streets or alleys therein, or property upon which no wells may be drilled, and although separated by such street, alley or nondrilling property, the same shall be considered as 'adjoining,' 'adjacent' or 'contiguous' for the purpose of the ordinance."

It will be noted, of course, that in attaching contiguous territory the board of adjustment is not required to go north, south, east or west, but may, of course, go in any direction, using its discretion. Nor is it bound to attach the property having the most boundary line or to carve out any particular shape. Counsel concede that the board has some latitude in its discretion, and that it is empowered in some respects to exercise a sound and reasonable discretion, but contend that the discretion is not arbitrary.

It is strenuously argued that the property actually attached is not "contiguous" or "adjoining," and that since the ordinance says that the board "shall" attach "adjoining" and "contiguous" tracts, it was under compulsion to attach block 21 instead of the irregular tract on the east which it did attach.

We cannot agree with this contention. It is evident that both the board and the court had no intention to discriminate; that each believed in good faith that the building restrictions running with the land comprising Lincoln Terrace addition prohibited the inclusion of any of that addition in a "drilling block." Plaintiff does not contend that he could enter into a lease, or in any way subject his land to the ordinary rights of a lessee. At no time since the property was platted and dedicated could he have done so. In that respect, therefore, he has not been deprived of any rights.

In the cases involving Lincoln Terrace addition hereinabove referred to, it is demonstrated that the restrictions relating to ownership of land cannot be affected by the zoning ordinance relating to drilling for oil and gas. At the time of the trial herein suits were pending involving the question of the right to drill for oil and gas in said addition. We think these were proper matters to be considered by the board of adjustment. The jurisdiction of the board of adjustment over property not legally includible in a drilling zone may well be doubted. To some extent, so far as oil and gas rights are concerned, Lincoln Terrace addition occupies a position similar to land outside of but bordering on the city limits, where the land just within the city limits would be in a drilling zone. The city would have no control over the outside land to compel drilling thereon or to attach it to the drilling block. The remedy of the outside landowner would be to drill on his own land for his protection. If he had by some sort of contract precluded himself from drilling, that would not give him any legal right to share in the wells within the city limits. The record shows also that, since the beginning of the litigation relating to the Lincoln Terrace addition restrictions, the board of adjustment has consistently refused to invite any property in Lincoln Terrace addition to become attached to a drilling block, hence no discrimination in the order in this case can be charged.

This court has said:

"There is a presumption in favor of the correctness of the determination arrived at by the board of adjustment, and the court should not interfere with the discretion vested in that board unless that discretion has been arbitrarily exercised or is erroneous in law." In re Dawson, 136 Okla. 113, 277 P. 226.

It is said that the definition of the words "adjoining" and "contiguous," as given in the ordinance, are in reference to other non-drilling territory, hence do not control. Strictly speaking that may be true, but in the absence of any other definition given such words in reference to the "drilling block" under discussion, we may look to them as furnishing some evidence of the intent of the legislative body, and conclude that said words as considered by the board and the court were not given a meaning or purpose beyond the terms of the ordinance. The board of adjustment considered that the intervention of streets did not prevent land from being "adjoining" or "contiguous," and in its discretion attached one tract of "adjoining" or "contiguous" property rather than another.

The district court, after trial, reached the same general conclusion as the board of adjustment, and thus the presumption becomes more effective. We find no reason for overthrowing these presumptions. In view of this conclusion, it is not necessary to determine whether the case has become moot. The same result ensues.

The judgment of the district court is affirmed.

BAYLESS, V. C. J., and RILEY, CORN, and HURST, JJ., concur.