OKLAHOMA CITY, a Municipal Corporation, and The Steve Pennington Foundation, a Corporation, Plaintiffs in Error,

v.

Jack H. BARCLAY et al., Defendants in Error.

No. 38484.

Supreme Court of Oklahoma.

Dec. 13, 1960.

Rehearing Denied Feb. 7, 1961.

A. L. Jeffrey, Municipal Counselor, Edward H. Moler, Asst. Municipal Counselor, Oklahoma City, for plaintiff in error, Oklahoma City.

Bailey, McClelland & Collins, by William F. Collins, Jr., Oklahoma City, for plaintiff in error, Steve Pennington Foundation.

Kennedy & Kennedy, Oklahoma City, for defendants in error.

IRWIN, Justice.

On April 9, 1957, the City of Oklahoma City, adopted amendatory ordinance No. 8020, which changed the boundaries of a commercial zoning district by including therein lots 12 and 13, Block 10, Steve Pennington's 9th Addition to Oklahoma City. Plaintiffs, individual owners of certain lots in the addition, commenced this action attacking the validity of said ordinance and prayed that the same be declared invalid and void, and that The Steve Pennington Foundation, a Corporation, owner of lots 12 and 13, be enjoined from constructing any building on or using either of said lots in violation of the zoning ordinance in existence prior to April 9, 1957.

Judgment was for plaintiffs and after a motion for new trial was overruled, the City of Oklahoma City and The Steve Pennington Foundation perfected their appeal. The parties will be referred to as they appeared in the trial court, or as plaintiffs, City and Foundation.

### Pleadings

Plaintiffs alleged they are individual owners of lots 1, part of lot 4, and lots 5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17, and 19, Block 10, lots 15 and 16, Block 6 and lot 13, Block 9, all in The Steve Pennington's 9th Addition to the City of Oklahoma City, Oklahoma; that the Foundation owns lots 12 and 13, Block 10, in said addition; that plaintiffs' lots are improved, the improvements consisting of single residential dwellings and are situated in what is termed the "A", "Single Family Dwelling District"

as defined in the zoning ordinance; that the structures in said zone or district are limited primarily to buildings for residential purposes and under the 'zoning ordinance prior to April 9, 1957, commercial use was not permitted in said zone; that at the time of purchasing their lots and making lasting improvements thereon they relied on the designation of said addition as residential zoning as exclusive and irrevocable except for legal cause; that on April 9, 1957, the City council attempted to adopt amendatory ordinance No. 8020 with the emergency clause attached, which rezoned lots 12 and 13, Block 10, from "A" Single Family Dwelling District to "E" zone, local commercial district; That the Foundation has secured a building permit to erect a filling station on lots 12 and 13.

It was further alleged that on August 25, 1955, the amendatory zoning ordinance was submitted to the Planning Commission of Oklahoma City and was denied and on September 20, 1955, the City council unanimously voted against passage of the ordinance; that no cause or change of condition has occurred since then to justify the passage; that on March 5, 1957, a new petition was submitted and the Planning Commission voted unanimously to recommend the petition be denied, but on April 9, 1957, the City council adopted such zoning ordinance No. 8020, against the unanimous recommendations of the Planning Commission and the Park Department.

It was further alleged the ordinance is invalid, unreasonable, unconscionable, capricious and contrary to the spirit and intent of the zoning laws in that: (a) it has no relation to the public safety, morals, health, general welfare or to the public interest; (b) the purported new 'zone' is not the result of any comprehensive or other scheme for improvement of zoning in the City; (c) the new 'zone' is for the sole and exclusive benefit of the Foundation's precedessor in title and is discriminatory; and (d) a filling station will be in law a "nuisance per accidens". That if the ordinance is enforced the plaintiffs will suffer irreparable loss, their property will depreciate in value and the same constitutes a taking of their property without due process of law in contravention of the constitution of the State of Oklahoma and the United States and they have no adequate remedy at law.

The City filed a general denial and alleged the ordinance is valid and enforceable. Foundation answered in the form of a general denial and also alleged the ordinance was regularly passed and is valid and enforceable; that the ordinance merely extends the "E" local commercial district from the northwest corner and the southwest corner of the intersection of 16th and Meridian Avenue, which intersection is a junction of a section line and a half section line; that prior to the time any of plaintiffs purchased any property in the addition, the plat was vacated as to Block 10, and the same was not restricted to single dwellings but was in truth and in fact approved for business; that the ordinance is not unreasonable, discriminatory, invalid or unconstitutional.

To these answers the plaintiffs filed separate replies in the form of a general denial.

### Facts

It is admitted, or not disputed that Meridian Avenue is a north and south section line and 16th street is a east and west half section line; lots 12 and 13 of Block 10, are on the northeast corner of the intersection of the two streets and approximately three and one-half acres in the northwest corner and approximately ten acres in the southwest corner of the intersection are zoned for business and this is an extension of that zoning ordinance; a park extends from 16th street south along the east side of Meridian. In 1955 it was recommended by the Planning Commission that the application for zoning the two lots for commercial purposes be denied and the recommendation was followed by the City council; that the Planning Commission and Park Commission also recommended denial of the application in 1957 but the City council did not follow the

**240**

recommendation but allowed the application by passing ordinance No. 8020.

The testimony of the plaintiffs was to the effect every lot in the addition, except lots 12 and 13, are improved, the improvements consisting of single family brick dwellings with lawns, shrubs, flowers and trees, well cared for and tended; lots 12 and 13 have a defect in that there is an open storm sewer at the southwest corner; that the defect can be remedied with the expenditure of approximately $500; that both of the lots can be used for residential dwellings; that a filling station or any other commercial building placed on the lots would depreciate the value of their property from 10% to 20%; that it would cause additional traffic congestion and traffic hazard and make it dangerous for children to go to the park or play-ground on the south side of 16th street; that any business on said lots would create additional noise and disturbance both in the day time and at night, necessarily disturbing their rest at night; that a filling station would cause gasoline fumes and other odors to permeate the entire neighborhood.

The Director of Parks and Recreation testified the Park Commission had recommended the application for re-zoning be denied and that the placing of a business at the northeast corner would create a definite hazard for children using the park. A member of the Planning Commission in 1955 testified that the Commission unanimously recommended against re-zoning for commercial purposes.

The testimony of the defendants is to the effect it is not feasible from an economical standpoint to use the lots for single family dwellings by reason of the cost of remedying the defect caused by the open storm sewer; that it would cost approximately $3,500 to remedy such defects; that the lots have no practical value for residential purposes but do have a substantial value for commercial purposes; that for such purposes the lots have a value of approximately $35,000; that the zoning of the lots for commercial purposes would have no

effect on the value of the property of plaintiffs; that it would create no additional traffic congestion or increase the traffic hazard; that it is the policy of the Planning Commission to zone on section lines and at half section lines where need can be established and zoning of the two lots for commercial purposes is justified.

Steve Pennington testified when his company first purchased the property now contained in the addition, he immediately changed the plat restrictions by making Block 10 subject to commercial use; that he had the company transfer lots 12 and 13 to the Foundation and took a tax reduction by reason thereof; that the lots from an economical standpoint cannot be used for residential dwellings; that the best use for them is commercial; that he had offered to purchase the equity of plaintiffs for the full amount they had invested; that he is the owner of the property on the northwest and southwest corners of the intersection.

### Contentions

The City and Foundation contend that: (1) Municipal zoning is a legislative function and will not be set aside by the courts unless clearly and beyond doubt unreasonable, arbitrary or discriminatory and all presumptions are in favor of the validity, constitutionality and reasonableness of the legislative act. (2) Property owners acquire no vested rights against the re-zoning of nearby property.

The Plaintiffs contend the power and authority of a city to enact or amend zoning ordinances are statutory; that after districts of a municipality have been properly zoned for residential purposes and the lots and parcels of land therein have been acquired and improved in reliance upon classification made by ordinance, the City council cannot amend such ordinance to impose a more burdensome, hazardous and damaging use upon any of said district without a lawful basis; that the decision of the trial court is correct and should be affirmed unless it is clearly against the weight of the evidence.

## Conclusions

▇▇ The right, power and authority of the legislative body of cities to enact or amend zoning ordinance is statutory. The law granting such powers was enacted for the purpose of promoting health, safety, morals, or the general welfare of the Community. See Title 11 O.S.1951 § 401. By legislative enactment municipalities are authorized to enact zoning ordinances, and when the legislative branch of the municipal government has acted in a particular case, its expressed judgment on the subject will not be overridden by the judiciary, unless the same is unreasonable, arbitrary, or constitutes an unequal exercise of police power. See Keaton v. Oklahoma City, 187 Okl. 593, 102 P.2d 938.

Along this line, the Foundation and the City have presented their argument that if the minds of reasonable men differ as to whether a particular zoning classification is reasonable, the legislative enactment will stand and the judiciary will not interfere. This is known as the "fairly debatable" rule, and in support thereof they cite In re Dawson, 136 Okl. 113, 277 P. 226, wherein we held:

"Where the legislative body of a city has declared that a certain district of the city shall be included within a particular classification of a comprehensive zoning plan, and where the classification is attacked as unreasonable, arbitrary or an unequal exercise of power; if the validity of the legislative classification for zoning purposes be fairly debatable, the Legislative judgment must be allowed to control and this court will not substitute its judgment for that of the legislative body, and the conclusion of that body will not be disturbed."

In the opinion we said:

"If the question is fairly debatable as to whether or not the ordinance is unreasonable, arbitrary, or an exercise of unequal power, it should be allowed to stand."

In Beveridge v. Harper & Turner Oil Trust, 168 Okl. 609, 35 P.2d 435, 436 we held:

"When the validity of a legislative classification for zoning purposes is fairly debatable, the legislative judgment must be allowed to control. Courts will not substitute their judgment for that of the municipal legislative body."

In the opinion we said:

"While jealously guarding their own authority to review the use of power involved, courts at all times recognize that their review is judicial in its character, and that the application of the police power to a particular situation is in the first instance a problem for the legislative branch of the government and that when the legislative branch has spoken in a particular case its expressed judgment on the subject should not be overridden by the judiciary unless the same is unreasonable, arbitrary, or constitutes an unequal exercise of police power. Thus it has been repeatedly said that in *doubtful cases* the courts will not substitute their judgment for that of the legislative branch of the government and in such cases the legislation will be upheld. In re Dawson, supra. * * *"

It is to be noted the syllabus in the Beveridge v. Harper & Turner Oil Trust case, supra, used the words "fairly debatable" and in the opinion the wording was "doubtful cases", and cited with approval, In re Dawson supra, which applied the "fairly debatable" rule.

In Fletcher v. Board of County Commissioners of Oklahoma County, Okl., 285 P.2d 183, we held:

"The Court's duty, when change from classification of property under county zoning regulations is sought, is to determine whether restrictions on use of property is a reasonable exercise of power under zoning statute or whether restriction is an arbitrary, unreasonable and capricious exercise of that power."

▇▇ Although the "fairly debatable" rule was not used in the syllabus, an analysis of the opinion will reveal the Court quoted

from and cited with approval Lockard v. City of Los Angeles, 33 Cal.2d 453, 202 P.2d 38, 43 wherein that Court, in applying the "fairly debatable" rule said:

"* * * the function of this court is to determine whether the record shows a reasonable basis for the action of the zoning authorities, and, if the reasonableness of the ordinance is fairly debatable, the legislative determination will not be disturbed. * * *

"The findings and conclusions of the trial court as to the reasonableness of a zoning ordinance are not binding on an appellate court if the record shows that the question is debatable and that there may be a difference of opinion on the subject. The appellate courts look beyond such determinations and consider in some detail the basic physical facts appearing in the record, such as the character of the property of the objecting parties, the nature of the surrounding territory, the use to which each has been put, recent trends of development, etc., to ascertain whether the reasonableness of the ordinance is fairly debatable. * * * Similarly, findings which relate to matters of opinion and judgment, such as that property is 'suitable only' for certain purposes, are not controlling. * * * As we have seen, matters of this type lie within the discretion of the zoning authorities, and their action will be upheld if the question is fairly debatable."

In examining and analyzing the above cases, we can only conclude that while the phraseology may have been modified, the substantive law was not changed but the same was applied in each instance.

The "fairly debatable" rule is not a rule applicable to mere words or expressions of opinions, but is applicable to the basic physical facts which would make each zoning ordinance stand or fall on the pertinent basic physical facts involved. It then becomes necessary to examine the record and determine what were the basic physical facts when the amendatory ordinance in question was adopted by the City.

The basic physical facts are: That the amendatory ordinance, zoning the two lots in question which are located in the northeast corner of the intersection, enlarges the then existing zoning ordinance wherein approximately ten acres in the southwest corner of the intersection and approximately three and one-half acres in the northwest corner were zoned for commercial purposes; at the time of the passage of the amendatory ordinance none of the property which had been zoned for commercial purposes had been used for such purposes; that a park is located in the southeast corner of the intersection, extending along the southside of 16th street and the east line of Meridian Avenue which runs north and south; that the entire addition in the northeast corner of the intersection, except the two lots in question, contain lots which are improved with single family, brick dwellings, and landscaped, have nice lawns, shrubs, flowers and trees and are well cared for; that the addition is a quiet, well developed, well planned, well improved and orderly residential district.

The trial court found the ordinance is invalid, unreasonable, unconscionable and contrary to the spirit and intent of the zoning laws because it has no relation to the public safety, morals, health, general welfare or to the public interest; that the purported new "zone" created by the ordinance is not the result of any comprehensive or other scheme for the improvement of zoning for the City; that there has been no change in the character of use of the property since September 20, 1955, when the City unanimously voted against passage of the ordinance, that makes such purported change necessary, convenient or desirable; that to the contrary, the large park which is located directly across the street is now being developed for a neighborhood park and small children are using the park as a playground; that any commercial use of the two lots in question will create additional traffic and be hazardous to the children and home owners; that the area is residential, congestion of traffic and objectionable noise will result from the zoning and commercial use of the two lots.

In addition to the specific findings by the trial court, there necessarily inheres in its judgment a finding that the question as to whether or not the amendatory ordinance was a reasonable exercise of its legislative powers was not fairly debatable. And it is apparent that the findings and the judgment rendered thereon were founded on the basic physical facts. From an examination of the entire record we can only conclude that the specific and inherent findings and judgment of the trial court are not against the clear weight of the evidence.

From the conclusions herein determined, we find it unnecessary to consider the proposition that property owners acquire no vested rights against the re-zoning of nearby property.

The judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY and BERRY, JJ., concur.

JOHNSON, BLACKBIRD and JACKSON, JJ., concur in results.