CITY OF TULSA, a Municipal corpora-
tion, Plaintiff in Error,

v.

W. J. MOBLEY, Larkin Bailey, and J. F.
Kirkpatrick, Defendants in Error.

No. 41910.

Supreme Court of Oklahoma.

May 20, 1969.

Charles E. Norman, City Atty., Jerry L. Goodman, William M. Northcutt, Asst. City Attys., Tulsa, for plaintiff in error.

Baker & Baker, Dwayne Pollard, Tulsa, for defendants in error.

DAVISON, Judge.

This action and the present appeal involve the zoning and the permitted use of a city block of land located in Tulsa, Oklahoma. The City of Tulsa (defendant below) appeals from a judgment in favor of the plaintiffs, W. J. Mobley, Larkin Bailey and J. F. Kirkpatrick, enjoining the City from interfering with the use of the tract for the purposes permitted in a U–3D (commercial) zoning, as provided in the City zoning ordinances. Plaintiffs' immediate purpose was to secure a rezoning of the property that would permit it to be used for a supermarket and connected off-street parking.

The block of land is described as Block 3, Campbell Addition to the City of Tulsa, and is bounded on the east by Denver Ave., which continues on south for about four blocks to an intersection with Riverside Drive.

The plaintiff Kirkpatrick had secured an option to buy from the owners of all of the lots in the block and the other plaintiffs were owners of portions of the city block. Plaintiffs initially filed an application with the Tulsa Metropolitan Area Planning Commission to change the zoning of the block from residential to U–3D (commercial) for a proposed use of "Supermarket." The Planning Commission, after its staff had studied and submitted a report and recommendation in favor of the proposed change in zoning, by a majority vote recommended to the Board of Commissioners of the City of Tulsa, that the zoning classification of the property be changed. The Board of Commissioners, by a vote of 3 to 2, denied the application.

Plaintiffs then instituted the present action for themselves and for the other owners of the lots in Block 3, alleging that the action of the Board of Commissioners was unreasonable, unconscionable, arbitrary and discriminatory and was not the result of any comprehensive and general scheme for improvement in the City of Tulsa. The City answered by general denial, and denied the action of the Board of Commissioners in denying the application was unreasonable, unconscionable and arbitrary, and prayed the action be tried at the earliest possible time on its merits and that judgment be rendered in favor of the City. When the matter came on for trial the parties appeared and without exception or objection proceeded with the trial and introduced their evidence and the testimony of their respective witnesses on the issues raised by the pleadings.

The trial judge orally found that there had been a material change in the character of the properties abutting on Denver Avenue from 11th street south toward Riverside Drive, in that it had over a period of years become more suited for light commercial, rather than residential, and that under the evidence he could do no other than grant rezoning of the property to a U–3D commercial classification, with a U–3A classification for off-street parking. In the journal entry of judgment the trial judge adjudged and decreed that Block 3 was most suitable for commercial use, as provided within a U–3D zoned land use, that the Tulsa City Commission acted arbitrarily and capriciously in denying the plaintiffs' application for rezoning and enjoined the City from preventing the use of Block 3 for the purposes permitted in a U–3D zone classification.

The City contends that it was "fairly debatable" as to whether or not the denial of the application to rezone was a reasonable exercise of the City's legislative powers and, therefore, the trial court erred in rendering judgment for the plaintiffs and adjudging the City acted arbitrarily and capriciously.

■ The City cites our decision in Oklahoma City v. Barclay, Okl., 359 P.2d 237, and other cases from this court in which we used and discussed the "fairly debatable" rule in zoning disputes. In the Barclay case we either quoted with approv-

al or stated that when the validity of a legislative classification for zoning purposes is fairly debatable, the legislative judgments must be allowed to control; that courts will not substitute their judgment for that of the municipal legislative body and that the court's duty, when it is sought to change the classification of property under zoning regulations, is to determine whether the restriction on the use of the property is a reasonable exercise of power under the zoning statute or whether the restriction is an arbitrary, unreasonable and capricious exercise of that power.

In the Barclay case we further quoted or stated that appellate courts look beyond the findings and conclusions of the trial court as to the reasonableness of a zoning ordinance and consider in some detail the basic physical facts appearing in the record to ascertain whether the reasonableness of the ordinance is "fairly debatable," and that the "fairly debatable" rule is not a rule applicable to mere words or expressions of opinion but is applicable to the basic physical facts which would make each zoning ordinance stand or fall on the pertinent basic physical facts involved.

It is therefore necessary to examine the record and determine what were the basic physical facts when the City Commission refused to approve the plaintiffs' application for a change of the existing zoning.

The record reflects that the block of land measures 270 feet by 270 feet, consists of 1.68 acres, and is located south and some west of the Tulsa central business district. It is bounded on the north by 14th Place, on the south by 15th Street, on the west by Elwood Avenue and on the east by Denver Avenue. Denver Avenue is a United States and State Highway with four lanes of traffic and has heavy traffic. The subject tract, and apparently the surrounding blocks, were developed by construction of one family dwellings about 50 years ago, and from the photographs were of frame construction. In the subject block the majority of the structures are occupied by tenants and there was testimony that they were in need of upkeep and repair. The area was given a multi-family zoning classification about 5 years before plaintiffs filed their application for a change of zoning, and 1 year before such filing the block immediately east of the subject tract was placed in a zoning classification for a multi-story downtown motor hotel. The testimony shows that the commercial locations in the surrounding area are a group of businesses 4 blocks to the north, consisting of a drug store, liquor store, wholesale electric store, and apartments; a grocery store 1 block south of the above described business area, and a "fried chicken" place 1 block further south; an apartment complex about 3 blocks east and south of the subject property; and 4 apartment complexes in an area beginning about 2 blocks west of the subject tract. The record further reflects that beginning about 2 blocks south and east of the subject tract there were 4 apartment buildings or complexes either built or in course of construction, including a 10 story building and a 30 story structure. The nearest supermarket was at 17th Street & Boston Avenue, about 8 blocks from the property and "just west" of the subject property begins a large urban renewal area.

The parties produced testimony, both favorable and unfavorable, concerning the general condition of the area and as to repair and upkeep, the desirability and convenience thereof as a residential area, the need and lack of need in the area for commercial facilities, and the probable effect of the presence of a supermarket upon property values and residence use.

The report prepared by the Planning Commission staff preliminary to that body considering the plaintiffs' application is a part of the record. This report stated that there were no commercial facilities to serve the area and the need increases as apartments continue to develop, that the entire block assembly (of plaintiffs) offered the best opportunity for conversion, and there was a potential for planned development, integrated design, and access control.

It was upon these basic physical facts and this evidence that the trial court held the Tulsa City Commission acted arbitrarily and capriciously in denying the application to rezone the property. In addition to the specific findings by the trial court, there necessarily inheres in the judgment a finding that it was not fairly debatable that the Tulsa City Commission acted arbitrarily and capriciously in refusing to rezone the property. Oklahoma City v. Barclay, supra, and City of Tulsa v. Nicholas, Okl., 415 P.2d 917, 921.

The proceeding now under consideration is characterized as equitable in nature. In this situation we apply the appellate review rule generally applicable to cases of equitable cognizance, and have examined the record for the purpose of ascertaining from the basic physical facts whether the findings are "against the clear weight of the evidence." City of Tulsa v. Swanson, Okl., 366 P.2d 629, and City of Tulsa v. Nicholas, supra. The findings appear to be in accord with the basic physical facts. It is our conclusion that the judgment is not against the clear weight of the evidence.

The City further contends that the judgment of the trial court in effect "spot zones" the property for commercial use in a high quality residential neighborhood.

Our discussion and conclusion, as expressed above, largely disposes of this proposition contrary to the City's contention.

The City furnishes authorities condemning spot zoning and defining it as a tract, usually small in relative size, in an area having a use pattern inconsistent with the small tract, "* * * thus projecting an inharmonious land use pattern." Citing Yokley, Vol. 1, Zoning Law and Practice, (Third Edition), Sec. 8–3, pp. 362, 363. And declaring them invalid on the general ground that they do not bear a substantial relationship to the public health, safety, morale and general welfare, "and are out of harmony and in conflict with the comprehensive zoning ordinance of the particular municipality."

In City of Tulsa v. Nicholas, supra, the objection was that there was "strip zoning," and in City of Village v. McCown, Okl., 446 P.2d 380, it was argued the trial court's judgment resulted in "spot zoning," yet the "rezoning" of the individual properties was upheld, even though there were other tracts in the area with different zoning classifications. The cited cases and the situation in the present appeal reflect that conditions may be such as to support the rezoning of a tract to a classification different from that of adjoining property.

The trial court undoubtedly considered all of the basic physical facts, including, the nature of the subject property and surrounding property, the use to which each has been put, recent trends of development, the zoning of the adjoining block for commercial purposes, the urban renewal project to the west, the construction of large apartment complexes in the surrounding area, and the need for commercial facilities. On the contents of the record and on the fact of the trial court's findings it appears that the judgment rezoning the subject property has a reasonable basis and was justified.

The judgment of the lower court is affirmed.

All the Justices concur.