BERTHA ARNTZ, Respondent, v. PETER H. HAVEY & SONS, INC., Defendant, Impleaded with HOLT-CHANDLER COMPANY, Appellant.— Judgment and order reversed, with costs, and complaint unanimously dismissed, with costs, upon authority of *Thompson* v. *Holt-Chandler Company* (179 App. Div. 914). Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.

FREDERIC L. BOSWORTH, Respondent, v. R. HOE & COMPANY, Appellant. — Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Mills, Putnam and Kelly, JJ.

CHARLES MEADS & COMPANY, Respondent, v. THE CITY OF NEW YORK, Appellant.— Each of the parties procured at its own expense a copy of the stenographer's minutes for its own use at the trial. It is plain that the justice did not " require " the plaintiff's copy, for, so far as appears, he never asked for it and never used it. Under these circumstances, section 251 of the Code of Civil Procedure did not authorize the court to compel defendant to pay half the stenographer's fees paid by plaintiff, by the indirect method of requiring them to be taxed as a disbursement in plaintiff's bill of costs. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ., concurred.

JOHN H. HILLIKER, Respondent, v. EMILY RUEGER and FRIEDA RUEGER, Individually and as Surviving Executrices, etc., of JOHN RUEGER, Deceased, and Others, Appellants.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Mills, Putnam and Kelly, JJ., concurred.

MICHAEL F. HUMPHRIES, Respondent, v. ABRAHAM S. GILBERT, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, changing the place of trial from Richmond county to New York county. The plaintiff, a resident of Richmond county, sues on a cause of action for malpractice, assigned to him by a resident of New Jersey. The cause of action arose in New York county, where defendant resides. The convenience of witnesses will be promoted in some small degree by changing the place of trial to New York county, for no witness resides in Richmond county. Under these circumstances the controlling consideration is that the cause of action arose in New York county. (Rule 48, General Rules of Practice.) Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ., concurred.

In the Matter of the Appraisal of the Estate of EMILIE ELEANORA BERESFORD, Deceased, under the Acts in Relation to the Taxable Transfers of Property. JOHN GEORGE BERESFORD, Individually and as Executor, etc., Appellant; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.— Order of the Surrogate's Court of Westchester county affirmed, with ten dollars costs and disbursements, on authority of *Matter of Moebus* (178 App. Div. 709). Jenks, P. J., Thomas, Mills, Putnam and Kelly, JJ., concurred.