In the Matter of Appraisal of the Estate of CHARLES J. BUCHANAN, Deceased, Pursuant to Article X of the Tax Law Relating to Taxable Transfers.

CAROLINE BUCHANAN and THE UNION TRUST COMPANY OF ALBANY, N. Y., as Executors, etc., of CHARLES J. BUCHANAN, Deceased, and ELIZABETH A. RAWOLLE, Respondents; THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant.

Third Department, July 1, 1918.

**Tax — transfer tax — joint deposits in savings banks — Banking Law, section 249, construed.**

Where two savings bank accounts were made payable to R. or B. as her attorney or the survivor, and two other accounts omitted the word "attorney" and were payable to B. or R. "payable to either or the survivor of them," and it appears that R. originally owned all the principal sums so deposited and had remitted them to B., who was her brother-in-law and her attorney, requesting that he deposit the same in such form that he could at any time attend to the withdrawals thereof; that R. made no deposits herself; that they were made by B. in good faith to facilitate withdrawals in the absence of his client; that he at all times recognized her title and wrote upon the envelopes containing the pass books that the deposits belonged exclusively and individually to R., said deposits did not belong in part to B. as one of two joint owners so as to render them liable to a transfer tax under section 220 of the Tax Law, as amended. This is true, notwithstanding the provisions of section 249 of the Banking Law relating to such deposits.

APPEAL by the Comptroller of the State of New York from an order of the Surrogate's Court of the county of Albany, entered in the office of said Surrogate's Court on the 30th day of July, 1917, modifying a prior order fixing and assessing a tax herein.

*Edwin L. Fowler* [*Randall J. Le Boeuf* of counsel], for the appellant.

*Visscher, Whalen & Austin*, for the respondents.

H. T. KELLOGG, J.:

The question involved is whether certain moneys belonged in part to Charles J. Buchanan, deceased, as one of two joint

owners, so that upon his decease a transfer tax was assessable thereupon, under chapter 664 of the Laws of 1915, amending section 220 of the Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62).

The moneys in question were deposited in four savings bank accounts. Two of these accounts were made payable to one Elizabeth A. Rawolle or Charles J. Buchanan as her attorney or the survivor. As a payment to an attorney for a client is the equivalent of a payment to the client, the form of these accounts disclosed no other than a single ownership by Elizabeth A. Rawolle. The other accounts omitted the word " attorney " and were payable to Charles J. Buchanan or Elizabeth A. Rawolle, " payable to either or the survivor of them." On the face of things these moneys were jointly owned. This inference disappears, however, when the undisputed facts are known. Elizabeth A. Rawolle originally owned all the principal sums so deposited. She remitted them to Charles J. Buchanan, who was her brother-in-law and her attorney, requesting that he deposit the same in such form that he could at any time attend to the withdrawals thereof. She made no deposits herself. They were made by Buchanan in good faith, in the form given, to facilitate withdrawals by him for his absent client. He at all times recognized her title; he claimed none for himself. He was sufficiently careful to write upon the envelopes containing all bank pass books that the deposits belonged exclusively and individually to Elizabeth A. Rawolle. It is not claimed here that the intention of the parties was otherwise than that sole title to the deposits should remain in Elizabeth A. Rawolle. The contention is merely this: That by the force of a certain statute, notwithstanding the will of the parties interested, the form of the deposits operated to transfer title and make Charles J. Buchanan and Elizabeth A. Rawolle joint owners thereof with remainders to the survivor.

The statute relied upon is section 249 of the Banking Law (Consol. Laws, chap. 2; Laws of 1914, chap. 369). That section reads in part as follows: " When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto

made by either of such persons after the making thereof, shall become the property of such persons as joint tenants." Then follows a provision to the effect that in such case the deposit may be paid to either depositor, or to the survivor, and that a receipt given by the person thus paid shall discharge the bank, provided notice not to pay is not previously given. This was clearly an enactment made to protect the savings banks in disbursing moneys. It did not affect the title of the depositors as between themselves, whose rights could be otherwise shown. (*Clary* v. *Fitzgerald*, 155 App. Div. 659.) No further provision, material here, was contained in this section of the Banking Law until the year 1914, when the following sentence was added thereto: " The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor." (Laws of 1914, chap. 369.)

It will be observed that the operation of this section is not limited, so that, for purposes of taxation only, or for bank protection only, the deposits are conclusively to be deemed joint. The presumption is made conclusive " in any action or proceeding to which either such savings bank or the surviving depositor is a party." The presumption is to obtain in all cases " in the absence of fraud or undue influence." Taken literally it would protect a thief who deposited stolen moneys, in the specified form, against the estate of the owner, whom he had made a joint depositor; for a thief is guilty neither of " fraud " or the exercise of " undue influence." It will be observed that the presumption created does not at all depend upon a consent to the deposit by the real owner. It operates " when a deposit shall be made by any person in the names of such depositor and another person." Thus if the owner of moneys, as in this case, sends them to an attorney for deposit, and he innocently deposits them in joint account, the owner, without consenting thereto, in part loses title to her property. The so-called conclusive presumption is, therefore, in effect not a rule of evidence, but a provision of substantive law. As said by Wigmore: " In strictness,

there cannot be such a thing as a ' conclusive presumption.' Wherever from one fact another is conclusively presumed, in the sense that the opponent is absolutely precluded from showing by any evidence that the second fact does not exist, the rule really provides that, where the first fact is shown to exist, the second fact's existence is wholly immaterial for the purpose of the proponent's case; and to provide this is to make a rule of substantive law." (Wigm. Ev. § 2492.) If this be the meaning of the provision, then arbitrarily, for no public purpose, without compensation and by no due process of law, an owner is made to lose his property without his consent and without his knowledge. If so construed it is not valid and does not affect this case. If it be construed as declaring merely a rule of proof, subject to rebuttal, the case is equally unaffected, for the rebutting proof is overwhelming that Elizabeth A. Rawolle was the sole owner of the deposits. It follows that no transfer tax was assessable upon these deposits.

The decree should be affirmed.

All concurred; JOHN M. KELLOGG, P. J., in result; COCHRANE, J., not sitting.

Decree affirmed, with costs.