Matter of the Estate of Louis D. Kelley, Deceased.

(Surrogate's Court, New York County, April, 1921.)

Transfer tax — joint ownership of securities — whole value taxed — Tax Law, § 220.

> Where prior to May 20, 1915, certain of the securities then owned jointly by decedent and his wife were sold and the proceeds invested in other stock and bonds which were at his death in a joint account opened by them with a brokerage firm in 1910, the transfer of securities by his death on July 20, 1919, was not of property owned prior to the amendment to section 220 of the Tax Law by chapter 664 of the Laws of 1915, and the transfer tax was correctly imposed upon the whole value of said securities.

Appeal from order fixing transfer tax.

Simpson, Thacher & Bartlett (Hamilton C. Rickaby, of counsel), for executrix, Robertine Kelley.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

Cohalan, S. This appeal is taken by the executrix of decedent's estate from the order fixing the transfer tax, on the ground that certain stocks and bonds held in the joint names of decedent and his wife have been taxed at their entire value.

The decedent died July 20, 1919. In February, 1910, he and his wife opened a joint account with a brokerage firm.

Surrogate's Court, New York County, April, 1921.   [Vol. 115.

By chapter 664 of the Laws of 1915, section 220 of the Tax Law was amended so as to provide that personal property held jointly should be taxed "as though the whole property to which such transfer relates belonged absolutely to the deceased   *   *   * joint tenant or joint depositor." This act took effect May 20 of that year.

It was held in *Matter of McKelway,* 221 N. Y. 15, that as to property owned jointly before the passage of the act only half was taxable as a transfer at the death of one of the joint owners, who died subsequent to the amendment, notwithstanding the provision of law that the whole was subject to the tax.

This decision applies solely to property of which a decedent was a joint owner at the time of his death and which was acquired prior to the amendment. The transfer of all other joint property is taxable on the basis of the entire value. The record before the transfer tax appraiser shows that certain of the securities owned jointly prior to May 20, 1915, were sold and the proceeds invested in other stocks and bonds, which were in the joint account at the date of decedent's death. The transfer of these securities by the death of one of the joint tenants was not of property owned prior to the enactment of the amendment above referred to and the tax must, therefore, be imposed on the whole value thereof.

The report of the appraiser is correct and the order fixing tax affirmed.

Order affirmed.