In the Matter of the Appraisal for the Purpose of the Transfer Tax upon the Estate of CLARA KOCH, Deceased.

(Surrogate's Court, Kings County, December, 1921.)

Transfer tax — husband and wife — joint tenancies in personal property created prior to the addition of subdivision 7 to section 220 of the Tax Law (Laws of 1915, chap. 664) and tenancies by the entirety created prior to the amendment of said subdivision by chapter 323 of the Laws of 1916 are taxable upon one-half of their respective values upon the death of one of the tenants — such tenancies created subsequent to the above enactments taxable at full value — contribution by survivor to fund immaterial.

Where a joint tenancy in personal property was created prior to the addition of subdivision 7 to section 220 of the Tax Law (Laws of 1915, chap. 664) and a tenancy by the entirety was created prior to the amendment of said subdivision by chapter 323 of the Laws of 1916, one-half of the value of the personal property and one-half of the value of the real property is taxable upon the death of one of the tenants. Where such tenancies were created subsequent to each of the enactments above referred to the entire value of the personal property and the real property is subject to a transfer tax.

Proof that the survivor contributed all of the funds that went into the purchase of the properties was not a reason for a modification of the order made herein, and the same is affirmed.

APPEAL from order of transfer tax appraiser.

Hamilton & Stratmann, for Frederick A. Koch, appellant.

Marcus B. Campbell, for state comptroller, respondent.

WINGATE, S.  The order appealed from is affirmed. The imposition of a tax upon the transfer of one-half of the value of the personal property held by the decedent and her husband in joint tenancy, and upon

the transfer of one-half of the value of the real property held by the decedent and her husband as tenants by the entirety, where the joint tenancies in the personal property were created prior to the addition of subdivision 7 to section 220 of the Tax Law, by chapter 664 of the Laws of 1915, and where the tenancies by the entirety in lands were created prior to the amendment of such subdivision by chapter 323 of the Laws of 1916, is proper, despite the fact that there was no contribution by the decedent to the property now going to the surviving husband. *Matter of McKelway,* 221 N. Y. 15; *Matter of Beresford,* 183 App. Div. 947; *Matter of Moebus,* 178 id. 709; *Matter of Teller,* Id. 450; *Matter of Weissbach,* 111 Misc. Rep. 501; *Matter of Perry,* 104 id. 115; *Matter of Greim,* 183 N. Y. Supp. 149.

The tax imposed upon the entire value of personal property, held by the decedent and her husband as joint tenants, where the tenancies were established after the addition of subdivision 7 to section 220 of the Tax Law in 1915, is likewise in accord with the statute and with the cases construing it. Similarly, the tax imposed upon the entire value of the real property held by the decedent and her husband as tenants by the entirety, where the tenancies by the entirety were created after the amendment of 1916, is also correct. There is no reason for the modification of the taxing order because of the proof that the survivor contributed all the funds to the purchase of the properties so transferred and the decedent contributed nothing.

There is authority for the view of the appellant that there should be no tax imposed in such instances where the survivor contributed all of the funds that went into the purchase of the personal property held in joint tenancy and of the lands held in tenancy

by the entirety. The decisions so holding proceeded upon the theory that on the death of the first tenant to die there was no donative transfer to the survivor who had made the whole contribution and who was only receiving back his own. *Matter of Weissbach, supra; Matter of Reardon,* 182 N. Y. Supp. 218.

The weight of authority, however, is that the legislative intent was, by the amendments of 1915 and 1916, referred to *supra,* to tax the entire value of estates held in joint tenancy or in tenancy by the entirety, where these tenancies had their inception after the enactments mentioned, and this without regard to the proportion of contribution by the persons interested. *Matter of Dolbeer,* 226 N. Y. 623; *Matter of Kelley,* 115 Misc. Rep. 357; *Matter of Chase,* 112 id. 684; *Matter of Bigelow,* 108 id. 601.

The cases of *Matter of Buchanan,* 184 App. Div. 237, and *Matter of Van Vranken,* 110 Misc. Rep. 84, are distinguishable from that at bar. Under their facts the courts found that no joint tenancy was created, that the funds on deposit in joint names were solely owned by the depositor, and that no right of survivorship was intended by the depositor to pass or did pass at his death to the person whose name was associated with his in the form of the account. There being no transfer effected, no transfer tax could be imposed.

Ordered accordingly.