Atilano SANCHEZ, Plaintiff in Error,

v.

O. G. MELVIN, Justice of the Peace, Del City District Number One, Defendant in Error.

No. 41724.

Supreme Court of Oklahoma.

June 14, 1966.

As Corrected July 5, 1966.

Rehearing Denied Aug. 2, 1966.

Second Petition for Rehearing Denied Sept. 27, 1966.

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

Charles D. Scales, Oklahoma City, for defendant in error.

DAVISON, Justice.

This action was commenced in the District Court of Oklahoma County by plaintiff in error against the defendant in error for a writ of prohibition against the defendant in error for exceeding his jurisdictional limits in issuing a summons for service outside his elective district in violation of Title 39 O.S.1961, § 81.

The facts are that a civil action involving the question herein was filed in the Justice of the Peace Court of Oliver G. Melvin, Justice of the Peace, Del City, Oklahoma, against the plaintiff in error;

that summons was duly issued and served on plaintiff in error at his residence in Midwest City, Oklahoma, which was outside of the elective district of the defendant in error.

The trial court denied the writ on the theory that the statute involved, being Title 39 O.S.1961, Sec. 81, was unconstitutional. The appeal was properly perfected and the only question before the court is the constitutionality of the above cited statute. The pertinent part of the statute is as follows:

"The jurisdiction of Justices of the Peace in all counties of the State of Oklahoma having a population in excess of 185,000, in all civil matters shall be co-extensive only with the township or district in which they are elected. The jurisdiction of Justices of the Peace in all other counties of the State of Oklahoma, in all civil matters shall be co-extensive with the county in which they are elected: * * *"

Henceforth the parties will be referred to as they appeared in the trial court.

The defendant argues that the above statute is violative of our Constitution for the three following reasons:

1. That the act is violative of Article 5, Section 59, because laws of a general nature shall have a uniform operation throughout the state and the statute does not meet this requirement.

2. That the act is violative of Article 5, Sec. 32, because it is alleged that the act is a local or special law which was not published with verified proof thereof with the Secretary of State.

3. That the act is violative of Article 5, Sec. 46, pertaining to local or special laws regulating the practice or jurisdiction of justice of the peace.

The act in question was passed by the 1935 Legislature. This is the first time it has become necessary for this court to determine its constitutionality. The act was alleged to be constitutional and was discussed in the case of Beneficial Finance

Company of Tulsa v. Wiener, Okl., 405 P.2d 691. The plaintiff cites this case as being decisive of the issue. However, an examination of the opinion and briefs in that case disclose that both parties conceded the act to be constitutional and the case was decided on other issues.

■ At the outset we are bound by the well settled law of this state that the legislative acts should be upheld unless plainly and clearly within the express prohibitions and limitations fixed by the Constitution. Dobbs v. Board of County Commissioners, 208 Okl. 514, 257 P.2d 802.

Article 7, Sec. 1 of our Constitution is as follows:

"The judicial power of this State shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, District Courts, County Courts, Courts of Justices of the Peace, Municipal Courts, and such other courts, commissions or boards, inferior to the Supreme Court, as may be established by law."

Section 18, Article 7, Constitution of Oklahoma, creates the office of justice of the peace, and provides for its jurisdiction by stating:

" * * * *until otherwise provided by law,* Courts of Justices of the Peace shall have, co-extensive with the county, jurisdiction * * * concurrent with the County Court in civil cases where the amount involved does not exceed two hundred dollars, * * * *"* (emphasis ours).

■ This court has repeatedly held that statutes conferring jurisdiction upon justices of the peace are to be strictly construed and that their judicial functions and duties are confined and limited by statute. Jeffries v. Newblock, 56 Okl. 320, 124 P. 1150; Magnolia Pipe Line Co. v. Brown, 173 Okl. 526, 49 P.2d 186; Kutz v. State, 83 Okl.Cr. 324, 177 P.2d 139. While the justice of the peace courts are provided for by our Constitution, their jurisdiction has been left to the general discretion of the Legislature, and such courts are courts of limited statutory jurisdiction. Dannenburg v. Powers, 182 Okl. 404, 77 P.2d 1142.

■ The decisive question for our determination is whether the act in question was a general law as distinguished from a local or special law. In deciding this question we must look to see if there was a proper and legitimate classification and that such classification was not arbitrary or capricious, bearing a reasonable relationship to the object to be accomplished. In deciding this question we must look for the reasoning leading up to the adoption of the act.

■ We will discuss the reasonableness of the act later in this opinion for we have held that in such cases each decision must rest on the merits of the particular legislation. Sheldon v. Grand River Dam Authority, 182 Okl. 24, 76 P.2d 355.

■ In deciding the question before us we should be guided by certain theories of law.

In Wilkinson v. Hale, 184 Okl. 165, 86 P.2d 305, we stated:

"It is not essential in order that a law be general in its operation as distinguished from local or special, as contemplated by section 46, article 5, and section 59, article 5, of the Oklahoma State Constitution, Okl.St.Ann., that it be universal in its application and operate the same in every section of the State and upon all persons, individuals or corporations alike. On the contrary the Legislature may classify for legislative purposes, but a classification so adopted must be neither arbitrary nor capricious and must bear a reasonable relation to the object to be accomplished."

See also Roberts v. Ledgerwood, 134 Okl. 152, 272 P. 448; Anderson v. Walker, Okl., 333 P.2d 570, and Elias v. City of Tulsa, Okl., 408 P.2d 517. The statute involved in the latter case was found to be a special act for obvious reasons and was found to be unconstitutional.

■ It is our opinion that the act in question is analogous to many and various

legislative acts changing the boundaries and districts of various district courts throughout the State, and the changing of nominating districts. The policy of the Legislature has been to make such changes where it was thought to be for the betterment of the judicial system in the furtherance of justice. There is no inhibition by our Constitution to prevent such changes. No act of our Legislature in making changes in such districts has ever been declared unconstitutional. Anderson v. Walker, Okl., 333 P.2d 570, 571.

The defendant cites and relies upon the case of Levine v. Allen, 96 Okl. 252, 221 P. 771. In that case an act was passed covering a population bracket that pertained only to Tulsa County. It provided that the jurisdiction of the justice courts in that county could not exceed the sum of one dollar ($1.00) exclusive of interest and costs, while the jurisdiction of all other justices of the peace remained at two hundred dollars ($200.00). Clearly this was a special act. There could be no reason for such discrimination against the justices of the peace in Tulsa County and the act was clearly arbitrary and capricious. It would have had the effect of abolishing the office of justice of the peace in that county. The act was a violation of all three sections of the Constitution involved herein.

In discussing the reasonableness of the involved statute we must and do assume that the Legislature found that the public good would be better served by confining the jurisdiction of Justices of the Peace in Oklahoma and Tulsa Counties, the two most populous counties, to the districts in which they were elected. For instance, at the time of the passage of the act in question there were quite a few more justice of the peace districts in Oklahoma and Tulsa Counties than in any other county in the state. At the present time there are 20 Justices of the Peace in Oklahoma County and perhaps about an equal number in Tulsa County. It is assumed that the Legislature felt the voters in the particular district would have a better insight over the manner their elected official dispensed justice and with the view of displacing the particular justice at the next election for failure to properly perform his duties.

Another reason the Legislature perhaps had in mind when enacting the act in question was that a particular justice in a particular district would be inclined to be more meticulous and zealous in serving the people of his elective district than he would in serving strangers from other districts.

■ We conclude that there is a reasonable, substantial basis for classification, being a rational relationship to the subject matter, and that the act operates uniformly on all persons coming within its scope.

For the foregoing reasons we find the act is reasonable and is not arbitrary and capricious. That it is a general law, and not in violation of Article 5, Sections 32, 46 or 59 of the Constitution.

The judgment of the trial court is reversed with directions to grant the writ.