**OKLAHOMA GAS AND ELECTRIC COMPANY, an Oklahoma corporation, Appellee,**

v.

**OKLAHOMA ELECTRIC COOPERATIVE, INC., an Oklahoma corporation, and Oklahoma Association of Electric Cooperatives, an Oklahoma corporation, Appellants.**

No. 45963.

Supreme Court of Oklahoma.

Dec. 26, 1973.

Fielding D. Haas, Norman, H. Duane Stratton, Oklahoma City, for appellee.

Maurice H. Merrill, Norman, J. A. Rinehart, Rinehart, Rinehart & Rinehart, El Reno, Tom A. Lucas, Lucas, Cate & Redwine, Norman, for appellant, Oklahoma Electric Cooperative.

Clyde J. Watts, Watts, Looney, Nichols & Johnson, Oklahoma City, for intervenor, Oklahoma Assn. of Electric Cooperatives.

LAVENDER, Justice:

This is an appeal by defendant, Oklahoma Electric Cooperative, Inc., a corporation, and the Oklahoma Association of Electric Cooperatives, an intervenor, from an adverse judgment in the District Court of Cleveland County, Oklahoma, in favor of the plaintiff Oklahoma Gas and Electric Company, a corporation. The judgment enjoined the defendant from operating that portion of its electrical service business in the City of Norman, Oklahoma, installed after the date of service of the notice of the action and plaintiff's application for Temporary Order of Restraint, required removal of certain properties installed within the city after that date, and required delivery to the plaintiff of certain profits derived from the defendant's activities within the city after that date.

The plaintiff corporation was franchised by voters in the City of Norman to furnish electricity within that city. No other franchise for that purpose was issued. In 1937, the defendant, by resolution of the Board of County Commissioners of Cleveland County, in which the city is located, was given authority to construct, maintain, and operate lines for the transmission of electrical energy in, along, under, and across section lines, public highways, roads and streams in the county, and to erect poles or posts along or across the same to sustain its wires and fixtures thereon. On October 21, 1961, a large area in which the defendant cooperative had been authorized to and was at the time distributing and selling electricity was annexed into the City of Norman, and both plaintiff and defendant thereafter extended lines and services within the annexed area. The trial court found that the defendant's activities were not pursuant to a franchise and that the county resolution was no more than a waiver of any objection to defendant's use of the county's easement right of way.

The aforesaid county resolution was made under authority of Session Laws of 1917, Ch. 230, p. 429, § 1; 69 O.S.1961, § 4, subsequently amended and codified to 69 O.S.1971, § 1401, which had provided for the county to give its consent to such activity evidenced by a resolution, with a proviso that nothing in the statute would be construed to grant the right to use the streets or other public places of any city of this State without the consent of such city as required by Article 18 of the State Constitution. Parenthetically, as codified into the 1971 statute the consent requirement remains but the reference to Article 18 of the Constitution is deleted. Defendant's activities were also in accord with the Ru-

ral Electric Cooperative Act, Oklahoma Session Laws, 1939, Ch. 46, § 3(k), and reenacted as part of an amended statute in 1949, Ch. 10, § 1, amending 18 O.S.1941, § 437.2 which had originally granted electric cooperatives power to construct transmission and distribution lines as defendant had been doing. In pertinent part the statute prior to amendment in 1961 read:

"§ 437.2 A Cooperative shall have power:

\* \* \* \* \* \*

(k) To construct, maintain and operate electric transmission and distribution lines along, upon, under and across all public thoroughfares, including without limitation, all roads, highways, streets, alleys and bridges, and upon, under and across all publicly owned lands, subject, however, to the requirements in respect of the use of such thoroughfares and lands that are imposed by the respective authorities having jurisdiction thereof upon Corporations, constructing or operating electric transmission and distribution lines or systems;"

After the annexation, defendant's activities were in accord with the Rural Electric Cooperative Act as amended (Okl.Session Laws, 1961, Ch. 10, § 1(k); 18 O.S. 1961, § 437.2(k)), the amendment being added on to the quote of § 437.2(k), above, and providing in part:

"Section 437.2(k) \* \* \* provided that in case an area has been or shall be included, as a result of . . . annexation, . . . within the boundaries of a city, town or village, a cooperative which was furnishing electric energy, or was constructing or operating electric facilities, in such area, prior to such inclusion, shall be entitled to construct, maintain and operate electric transmission and distribution lines and related facilities along, upon, under and across all existing and future public thoroughfares, and to continue and extend the furnishing of electric energy or the construction and operation of electric facili-

ties in such area without obtaining the consent, franchise, license, permit or other authority of such city, town or village, . . . ."

The same act expanded the definition of a "Rural Area" to encompass any area included within the boundaries of a city by annexation and in which an electric cooperative had been operating as aforesaid. 18 O.S.1961, § 437.28. The act became effective October 27, 1961, six days after the annexation date. The trial court concluded that the Legislature's grant of a right to extend or expand the services of the cooperative that had been operating in the annexed area previously was a violation of a Constitutional provision requiring that such franchise or right in a city be granted only by a vote of the people, this having reference to Article 18, §§ 5(a) and 5(b) of the State Constitution. The court then enjoined the defendant and directed certain action by it as aforesaid.

Article 18, Section 5(a) of the Constitution provides in part:

"No municipal corporation shall ever grant, extend, or renew a franchise, without the approval of a majority of the qualified electors residing within its corporate limits, who shall vote thereon at a general or special election; and the legislative body of any such corporation may submit any such matter for approval or disapproval to such electors at any general municipal election, or call a special election for such purpose at any time upon thirty days' notice; and no franchise shall be granted, extended, or renewed for a longer term than twenty-five years."

Article 18, Section 5(b) of the Constitution provides for petition and decision by the electors of a municipality whether a franchise should be granted, extended, or renewed.

In regard to areas outside of municipalities, the Legislature may provide for franchises, licenses, permits, and the like, pur-

suant to Oklahoma Constitutional provisions, Article 5, Section 36, that provide:

"The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever."

Section 7, Article 18 of the Constitution provides:

"No grant, extension, or renewal of any franchise or other use of the streets, alleys, or other public grounds or ways of any municipality, shall divest the State, or any of its subordinate subdivisions, of their control and regulation of such use and enjoyment.

Nor shall the power to regulate the charges for public services be surrendered; and *no exclusive franchise shall ever be granted.*" (Emphasis added)

The plaintiff contends in its appellee brief that defendant seeks to establish that: (1) the 1937 county resolution granted to defendant a franchise that survived the city's annexation of county territory on October 21, 1961, and that such "franchise" empowers defendant to continue its expansion within the city limits, and (2) that the 1961 amendments to the Rural Electric Cooperative Act, supra, merely enlarged and redefined those franchise rights by the county commissioners in 1937, which statute, itself, does not grant a franchise. Plaintiff then answers these positions in Proposition I sawing that the county issued nothing more than a terminable permit or license in 1937 which was abrogated by the city's annexation of county territory, except as to those installations in being; that 69 O.S.1961, § 4, reflects on its face that the license was not intended to be operable within a city's limits, reference being made to the proviso that nothing in the statute would be construed to grant the right to use the streets or other public places without the consent of the city as required by Article 18 of the State Constitution; that

the facts in this case are exactly the same as those in Caddo Electric Cooperative v. State ex rel. Whelan et al. (1964), Okl., 391 P.2d 234, and that, accordingly, the defendant should keep what it had on the day this lawsuit was filed, but should remove all that it has put in [equipment, lines, etc.] since that time, and stop its expansion until it gets a franchise from the people; and that plaintiff had a vested right to serve the whole city by reason of its franchise, and to the extent that the aforesaid 1961 amendments attempted to carry a retroactive effect they were void as violative of Article 1, Section 10 of the United States Constitution, and Article II, Section 15 of the Oklahoma Constitution [which prohibit the state from passing a law that impairs the obligations of contract], as well as being void as violative of plaintiff's Fourteenth Amendment rights and of the provisions of Article 18, §§ 5(a) and 5(b), supra. In its Proposition II, plaintiff also states that the aforesaid 1961 amendments could not redefine the "franchise" granted by the county, for such effect would be violative of Article 18, §§ 5(a) and 5(b), supra.

The aforesaid statutes and constitutional provisions were considered in Resh, Inc. v. Oklahoma Electric Cooperative, Inc., promulgated by this court July 3, 1973, 516 P. 2d 803, and the contentions of plaintiff raised here were, except as hereinafter discussed, essentially the same as there and are adequately treated in that opinion.

■ Plaintiff refers in Proposition I(D) and Proposition III of its Brief to defendant's alleged violation of the Fourteenth Amendment to the United States Constitution. Plaintiff says that the practices of the defendant are unregulated, untaxed, discriminatory, and violative of its Fourteenth Amendment rights by taking its property without due process and subjecting it to the unequal application of the law. However, there has been no direct taking of plaintiff's property without due process, and the only alleged support for such contention has to be reduction of plaintiff's

profit potential by defendant's activities. The plaintiff, of course, can continue to serve the whole city under its non-exclusive franchise, and is not limited to serving only within non-rural areas. We are not, therefore, disposed to find violation of the due process and equal protection clauses based on area served.

Regarding differences between the parties pursuant to statute insofar as that might affect competition between them and result in violation of due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution, defendant's expansion in the area pursuant to the 1961 amendments was proper if those amendments were based on reasonable and natural distinctions of defendant's classification from those of the plaintiff. (82 C.J.S. Statutes § 158). Or to use plaintiff's briefed quote from Frost v. Corporation Commission of State of Oklahoma (1929), 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483, ". . . the classification, in order to be valid, 'must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'" See also Sanchez v. Melvin (1966), Okl., 418 P.2d 639; Tucker v. Mullendore (1937), 180 Okl. 180, 69 P.2d 35, 37. The amendments, of course, operated throughout the state. Also, it was necessary that they operate uniformly upon all who came within their scope (Sanchez v. Melvin, supra), and it is not claimed that they did not. Consequently, the annexation of approximately 193 acres here concerned was only part of the state-wide problem which the Legislature addressed. This primarily and substantially undeveloped countryside land, i. e., from the standpoint of business houses and residential dwellings, was an example of that ground of difference between cooperatives such as the defendant, and corporations such as plaintiff operating in their franchised city areas. We find an adequate basis for the 1961 amendments that permitted the rural electric cooperatives to continue and expand their operations in areas available to them prior to annexation.

The plaintiff, in its brief, touches upon its standing to bring this suit. We believe that notwithstanding that the 1961 amendments are valid on their face, the plaintiff has standing to challenge them if it has a "personal stake" and an injury S. v. D. (1973), 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536), which injury may be personal or economic, and this includes a challenge of alleged illegal competition when plaintiff pursues a legal interest by reason of public contract. Frost v. Corporation Commission, supra; Association of Data Processing Service Organizations, Inc., et al. v. Camp (1970), 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184. It is, in this case, a matter of plaintiff's "zone of interest." Association of Data Processing, supra.

The plaintiff complains of how the scales are loaded, so to speak, in favor of the defendant cooperative and against itself in the matter of making profit whereas each provides exactly the same service, and the record is overwhelming that both serve all comers. This, plaintiff says, is the invidious arbitrary discrimination that the Fourteenth Amendment smacks down.

It should be noted that with these comments we have moved from consideration of an alleged illegal invasion of plaintiff's non-exclusive franchise to the philosophy of whether there should be cooperative competition with private enterprise. This was answered in Tennessee Electric Power Co. v. Tennessee Valley Authority (1939), 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543. It was there pointed out that non-exclusive franchises do not grant a monopoly or render competition illegal. They afford the corporations (franchisee) no legal cause of complaint by reason of the state's subsequently authorizing another to enter and operate in the same field. Such franchises have elements of property but confer no contractual or property right to be

free of competition. Whether competition between utilities shall be prohibited, regulated, or forbidden is a matter of state policy, and that policy is subject to alteration at the will of the Legislature. And so it is in the instant case. If the 1961 amendments to 18 O.S.1961 (now 1971), §§ 437.-2(k) and 437.28, which in our view are valid, aggrieve the plaintiff, the remedy lies with the Legislature.

One further complaint of plaintiff must be mentioned. Plaintiff finds discrimination in alleged use of federal loan funds by defendant for the purpose of competing against the plaintiff in the plaintiff's franchised territory. This seems to have particular reference to the franchise election of February 9, 1971, which granted the plaintiff its present franchise. In Alabama Power Co. v. Ickes, 302 U.S. 464, 479, 58 S.Ct. 300, 304, 82 L.Ed. 374, the U.S. Supreme Court found no actionable wrong in utilization of such loan monies in competition for, in the absence of a showing of unlawfulness, no legal right of the opposition competitor was invaded. The court said further, "The claim that petitioner will be injured, perhaps ruined, by the competition of the municipalities [substitute the defendant] brought about by the use of the moneys, therefore, presents a clear case of damnum absque injuria. Stated in other words, these municipalities [defendant] have the right under state law to engage in the business in competition with petitioner, since it has been given no exclusive franchise. If its business be curtailed or destroyed by the operations of the municipalities [defendant], it will be by lawful competition from which no legal wrong results."

For the foregoing reasons, the judgment of the trial court is reversed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES, SIMMS and DOOLIN, JJ., concur.

BARNES, J., did not participate.